**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ALBANY PATROONS, INC.,

                      Petitioner,

     v.                                    1:21-MC-18
                                                    (LEK/DJS)

DEMPERIO SPORTS & ENTERTAINMENT, LLC,

                      Respondent.

---

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

      This matter was commenced by Demperio Sports and Entertainment, LLC. Dkt. No. 1. Respondent seeks to quash a deposition subpoena issued by Albany Patroons, Inc. in a proceeding before the United States Patent and Trademark Office ("USPTO"). *Id.* at pp. 12-13. Derek Demperio seeks to appear *pro se* on behalf of Respondent. *See id.* at p. 5.

      On April 13, 2021, this Court stayed the matter to provide Respondent time to obtain counsel since as a limited liability company it "may appear in federal court only through a licensed attorney." Dkt. No. 3 at p. 1 (quoting *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). Mr. Demperio has now advised the Court that Respondent is an "indigent corporation" and "has been unable to find counsel willing to appear Pro Bono." Dkt. No. 4 at p. 2. He requests an order from the Court permitting him to appear on behalf of Respondent. *Id.* at p. 3. He contends that the rule against an LLC appearing only through counsel should not apply here for two reasons. First, that the USPTO, where the underlying subpoena was issued, does not require

the appearance of counsel. *Id.* at p. 1. He also contends that the rule is unfair as it relates to a single-member LLC such as Respondent. *Id.* at p. 2.

Given the Second Circuit's prior ruling in this area, Respondent's objections must be rejected. Whatever may be the practice at the USPTO, the law is clear that LLC "may appear *in federal court* only through a licensed attorney." *Lattanzio v. COMTA*, 481 F.3d at 140 (emphasis added). *Lattanzio* itself involved a single-member LLC and the Court specifically rejected making a distinction between "sole member or solely-owned limited liability companies" and other LLCs. *Id.* As such, Respondent may proceed with its Motion to Quash only if represented by counsel. Given the response filed by Mr. Demperio it appears Respondent is unable to retain counsel. The Court, therefore, cannot proceed with this matter and the Clerk is directed to close the case. *See Pert 35, Inc. v. Amari Aviation Ltd.*, 2010 WL 1258949, at *3 (N.D.N.Y. Mar. 5, 2010) ("the court retains the inherent authority to preclude participation of . . . an unrepresented corporation [] in the litigation.").

**IT IS SO ORDERED.**

Date:  June 4, 2021
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge